!Taylor, Judge-
 

 (after argument.) I will
 
 ut res magis valeat tjuani pereat,
 
 g've a favorable construction to the endorsement. X well understand that she was privately examined ; not that she was examined in court, for that would be a private examination in open court, which is absurd. What is stated, may admit of the idea that she acknowledged the deed in open court, and was there privately examined — Iv is not said by whom she was examined. I will presume it to have been in the usual mode, by some member of the court. The act does not require that it should be expressed by whom. I think, therefore, that the indorsement is sufficient in these respects: the objection that the deed was not acknowledged by the husband, nor proved to be his deed, is fatal. Had there been a statement upon the minutes, that the husband acknowledged the note endorsed on the deed, I should deem that sufficient j but here it is not said
 
 *402
 
 on tbe minutes that the husband acknowledged, but only in gS> neral terms, that the deed was acknowledged. I need not give jbf opinion upon the point of the county or court not being mentioned in the endorsement, stating the wife’s acknowledgment and examination. The wife cannot make a deed without the consent of the husband ; and it does not appear that he has executed this deed with her.
 

 So the deed was not read.